**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gabriel MARTINEZ–ESPARZA,
Defendant–Appellant.**

No. 04–40541.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Azalea Aleman, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Gabriel Martinez–Esparza appeals his conviction and sentence for carjacking, in violation of 18 U.S.C. § 2119. Citing *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Martinez–Esparza contends that his sentence was imposed under the United States Sentencing Guidelines in violation of his Sixth Amendment right to a jury trial and his Fifth Amendment right to a grand jury indictment. Martinez–Esparza also argues that his judgment of conviction must be vacated because the federal carjacking statute, 18 U.S.C. § 2119, is an unconstitutional extension of Congress's power to regulate interstate commerce under the Commerce Clause.

As Martinez–Esparza acknowledges, his arguments are foreclosed by this court's decisions in *United States v. Pineiro,* 377 F.3d 464, 473 (5th Cir.2004) (holding that *Blakely* has no effect on the United States Sentencing Guidelines), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263),

---

and *United States v. Jimenez,* 323 F.3d 320, 322 (5th Cir.) (upholding the constitutionality of 18 U.S.C. § 2119), *cert. denied,* 540 U.S. 847, 124 S.Ct. 124, 157 L.Ed.2d 86 (2003). Accordingly, Martinez–Esparza's conviction and sentence are AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under